## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

SANTIAGO AVERSSO and VALERIA DIAZ,

     Plaintiffs,

vs.


MARTIAL ARTS SYSTEM, INC., a Florida
Profit Corporation, MARTIAL ARTS
MANAGEMENT CORP., a Florida Profit
Corporation, M.A.S. OF SOUTH FLORIDA, INC., a
Florida Profit Corporation, and CESAR OZUNA, individually,

     Defendants.

_____/

## COMPLAINT

Plaintiffs SANTIAGO AVERSSO, (hereinafter "AVERSSO") and VALERIA DIAZ (hereinafter "DIAZ") (collectively "Plaintiffs" ) by and through their undersigned attorney hereby sue Defendants, MARTIAL ARTS SYSTEM, INC., a Florida Profit Corporation, MARTIAL ARTS MANAGEMENT CORP., a Florida Profit Corporation, M.A.S. OF SOUTH FLORIDA, INC., a Florida Profit Corporation, (together referred to as "Corporate Defendants") and CESAR OZUNA, individually, (hereinafter, "OZUNA"), (hereinafter collectively referred to as "Defendants") and states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages to Plaintiffs and other relief for unpaid wages and unpaid overtime wages committed by Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

1

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the United States Court for the Southern District of Florida because Plaintiffs were employed in the Southern District of Florida by Defendants, the acts that give rise to Plaintiffs' claims occurred within the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction here as at all material times conducted and continue to conduct business in the Southern District of Florida.

4. Plaintiffs says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## **PARTIES**

5. Plaintiffs at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiffs are over the age of eighteen and otherwise sui juris.

6. During all times relevant to this Complaint, Plaintiffs were employed by Defendants as instructors and administrators. Plaintiffs were therefore employees as defined by 29 U.S.C. § 203(e).

7. Defendant MARTIAL ARTS SYSTEM, INC., is a Florida profit corporation organized and existing under and by virtue of the laws of Florida and is registered to do business within Florida. MARTIAL ARTS SYSTEM, INC., at all times material hereto, conducted substantial and continuous business within Miami-Dade County, and is subject to the laws of the United States and the State of Florida.

8. Defendant, MARTIAL ARTS MANAGEMENT CORP., is a Florida profit corporation organized and existing under and by virtue of the laws of Florida and is registered to do business within Florida.  MARTIAL ARTS MANAGEMENT CORP., at all times material

2

hereto, had conducted substantial and continuous business within Miami-Dade County, and is subject to the laws of the United States and the State of Florida.

9.  Defendant M.A.S. OF SOUTH FLORIDA, INC., is a Florida profit corporation organized and existing under and by virtue of the laws of Florida and is registered to do business within Florida.  M.A.S. OF SOUTH FLORIDA, INC, at all times material hereto, has conducted substantial and continuous business within Miami-Dade County, and is subject to the laws of the United States and the State of Florida.

10. At all times relevant hereto, MARTIAL ARTS SYSTEM, INC., MARTIAL ARTS MANAGEMENT CORP., and M.A.S. OF SOUTH FLORIDA, INC., individually and/or in combination were an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that each entity did separately or in combination  have employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

11. Specifically, MARTIAL ARTS SYSTEM, INC., and M.A.S. OF SOUTH FLORIDA, INC., MARTIAL ARTS MANAGEMENT CORP.  separately and/or jointly own and operate seven (7) martial arts studios throughout South Florida doing business as M.A.S. - MARTIAL ARTS SYSTEM.

12.  At all relevant times, Corporate Defendants have operated concurrently as one or more martial arts training facilities and associated accounting entities, event promotion entities, marketing entities, martial arts supplies centers, holding companies, and instructor training facilities throughout Florida.

13. Corporate Defendants and all of their affiliates and subsidiaries operate as a single entity and are considered an "Enterprise" pursuant to 29 U.S.C. § 203(r)(1), as the Defendants activities were performed through a uniform operation and common control for a common business purpose.

14. At all times material to this Complaint, MARTIAL ARTS SYSTEM, INC., MARTIAL ARTS MANAGEMENT CORP., and M.A.S. OF SOUTH FLORIDA, INC., separately or jointly had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

15. Plaintiffs' work for Defendants was actually in or so closely related to the movement of commerce while they worked for Defendants that Plaintiffs are covered under the FLSA through individual coverage, as Plaintiffs regularly and recurrently used the instrumentalities of interstate commerce. More specifically, Plaintiffs regularly performed functions with customers and the staff utilizing telephones, computers and credit cards.

16. At all material times hereto, MARTIAL ARTS SYSTEM, INC., MARTIAL ARTS MANAGEMENT CORP., and M.A.S. OF SOUTH FLORIDA, INC. were joint "employers" of Plaintiffs as that term is defined under 29 U.S.C. § 203(d) in that:

   a. MARTIAL ARTS SYSTEM, INC., MARTIAL ARTS MANAGEMENT CORP., and M.A.S. OF SOUTH FLORIDA, INC. share the same principal place of business.

   b. MARTIAL ARTS SYSTEM, INC., MARTIAL ARTS MANAGEMENT CORP., and M.A.S. OF SOUTH FLORIDA, INC. share the same mailing address.

   c. MARTIAL ARTS SYSTEM, INC., MARTIAL ARTS MANAGEMENT CORP., and M.A.S. OF SOUTH FLORIDA, INC. share the same corporate officers; and

d.  MARTIAL ARTS SYSTEM, INC., MARTIAL ARTS MANAGEMENT CORP., and M.A.S. OF SOUTH FLORIDA, INC. owned and operated the 3 different locations where Plaintiffs performed her work.

17. MARTIAL ARTS SYSTEM, INC., MARTIAL ARTS MANAGEMENT CORP., and M.A.S. OF SOUTH FLORIDA, INC. upon knowledge and belief, separately and/or in combination have had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

18. Defendant CESAR OZUNA is a corporate officer and owner, and exercised operational control over the activities of, corporate Defendants, MARTIAL ARTS SYSTEM, INC., MARTIAL ARTS MANAGEMENT CORP., and M.A.S. OF SOUTH FLORIDA, INC.

19. Upon all available information, CESAR OZUNA controlled the manner in which Plaintiffs performed their work, the hours they worked and the pay they were to receive.

20. At all relevant times, CESAR OZUNA acted directly in the interest of his companies, MARTIAL ARTS SYSTEM, INC., MARTIAL ARTS MANAGEMENT CORP., and M.A.S. OF SOUTH FLORIDA, INC.

21. All Defendants were "employers" of Plaintiffs as the term is defined under 29 U.S.C. § 203(d).

22. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS COMMON AS TO ALL COUNTS

23. Plaintiffs are non-exempt employees of Defendants and are subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

24. DIAZ, was employed by the Defendants from on or about March 15, 2021, through October 13, 2021.

5

25. AVERSSO was employed by the Defendants from on or about June 21, 2021 through October 13, 2021.

26. As instructors, Plaintiffs did not actually have any decision-making authority as they could not hire or fire employees, or otherwise make decisions which impacted the business.

27. During the course of their employment, Plaintiffs regularly worked between 50–60 hours per work week. Part of their duties included:

   a.  Open the studio 30 minutes before operating hours and stayed approximately 30-60 minutes after closing to clean the studio;

   b.  Be present during operating hours. The operating hours were 12-9 Monday through Friday and 9-3 on Saturdays.

   c.  Attend school events and other special events;

   d.  Attend weekly marketing/business meetings.

28. However, Defendants willfully failed to pay Plaintiffs wages at least equal to the minimum wage for all hours worked plus overtime compensation of one and one-half times minimum wage in violation of the FLSA.

29. Rather, than pay Plaintiffs at least minimum wage, Defendants wrongfully and willfully paid a straight amount per week, which would often pay Plaintiffs even less than $200.00 per week.

30. Specifically, from March 15, 2021- June 21, 2021, Defendants would pay DIAZ six hundred dollars ($600.00) twice a month for all hours worked.

31. Then from June 21, 2021- October 13, 2021, once AVERSSO began to work with DIAZ, Defendants would pay DIAZ eight ($800.00) hundred dollars twice a month. Upon information and belief this amount was meant to compensate both Plaintiffs for all hours worked.

32. As a result, Plaintiffs were not paid the minimum applicable hourly wage rate as set forth under state and federal law during their entire employment.

33. Furthermore, Defendants and its representatives knew that Plaintiffs were working overtime, and that federal law requires employees to be compensated at time and one-half per hour for overtime pay.

34. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiffs performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

35. Defendants maintained complete control over the hours Plaintiffs worked and the pay they were to receive.

36. Plaintiffs have retained the undersigned firm to prosecute this action on their behalf and have agreed to pay it a reasonable fee for its services.

## COUNT I
### VIOLATION OF FLSA/UNPAID WAGES
### against MARTIAL ARTS SYSTEM, INC

37. Plaintiffs, re-allege and reaffirm paragraphs 1 through 36 as if fully set forth herein.

38. This action is brought by Plaintiffs to recover from MARTIAL ARTS SYSTEM, INC unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq*.   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

39. At all times during their employment, the Plaintiffs were an employee required to be paid a minimum hourly wage for every hour worked and entitled to receive those minimum hourly wages not later than the regularly established pay day.

40. MARTIAL ARTS SYSTEM, INC never paid Plaintiffs at least minimum wage for all the hours worked. As such, MARTIAL ARTS SYSTEM, INC has violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by failing to timely pay the Plaintiffs at least a minimum hourly wage on the regularly scheduled pay date when wages were due.

41. MARTIAL ARTS SYSTEM, INC knew or showed a reckless disregard for the provisions of the FLSA concerning the payment of minimum wages for all hours worked in respective pay periods, and accordingly remains owing the named Plaintiffs, liquidated damages, based upon the unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period during the three-year period preceding this lawsuit.

42. The Plaintiffs incurred expenses and endured considerable hardships and damages as a result of being deprived of a minimum hourly wage when due as alleged.

43. By reason of the said intentional, willful and unlawful acts of MARTIAL ARTS SYSTEM, INC, Plaintiffs have suffered damages plus incurring costs and reasonable attorneys' fees.

44. Plaintiffs seek to recover for unpaid wages accumulated from the date of hire.

45. MARTIAL ARTS SYSTEM, INC never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

46. As a result of MARTIAL ARTS SYSTEM, INC's willful violations of the Act, Plaintiffs are entitled to liquidated damages.

8

47. Plaintiffs have retained the undersigned counsel to represent them in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiffs respectfully prays for the following relief against MARTIAL ARTS SYSTEM, INC:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' rights;

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

**COUNT II**
**VIOLATION OF FLSA/UNPAID WAGES**
**against MARTIAL ARTS MANAGEMENT CORP**

48. Plaintiffs, re-allege and reaffirm paragraphs 1 through 36 as if fully set forth herein.

49. This action is brought by Plaintiffs to recover from MARTIAL ARTS MANAGEMENT CORP., unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.*  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

50. At all times during their employment, the Plaintiffs were an employee required to be paid a minimum hourly wage for every hour worked and entitled to receive those minimum hourly wages not later than the regularly established pay day.

51. MARTIAL ARTS MANAGEMENT CORP. never paid Plaintiffs at least minimum wage for the hours they worked. As such, MARTIAL ARTS MANAGEMENT CORP., has violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by failing to timely pay the Plaintiffs at least a minimum hourly wage on the regularly scheduled pay date when wages were due.

52. MARTIAL ARTS MANAGEMENT CORP. knew or showed a reckless disregard for the provisions of the FLSA concerning the payment of minimum wages for all hours worked in respective pay periods, and accordingly remains owing the named Plaintiffs, liquidated damages, based upon the unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period during the three-year period preceding this lawsuit.

53. The Plaintiffs incurred expenses and endured considerable hardships and damages as a result of being deprived of a minimum hourly wage when due as alleged.

54. By reason of the said intentional, willful and unlawful acts of MARTIAL ARTS MANAGEMENT CORP, Plaintiffs have suffered damages plus incurring costs and reasonable attorneys' fees.

55. Plaintiffs seek to recover for unpaid wages accumulated from the date of hire.

56. MARTIAL ARTS MANAGEMENT CORP never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

57. As a result of MARTIAL ARTS MANAGEMENT CORP.'s willful violations of the Act, Plaintiffs are entitled to liquidated damages.

58. Plaintiffs have retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiffs respectfully prays for the following relief against MARTIAL ARTS MANAGEMENT CORP:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' rights;

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

### COUNT III
### VIOLATION OF FLSA/UNPAID WAGES
### against M.A.S. OF SOUTH FLORIDA, INC.

59. Plaintiffs, re-allege and reaffirm paragraphs 1 through 36 as if fully set forth herein.

60. This action is brought by Plaintiffs to recover from M.A.S. OF SOUTH FLORIDA, INC., unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq*.  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives

compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

61. At all times during their employment, the Plaintiffs were an employee required to be paid a minimum hourly wage for every hour worked and entitled to receive those minimum hourly wages not later than the regularly established pay day.

62. M.A.S. OF SOUTH FLORIDA, INC., never paid Plaintiffs at least minimum wage for the hours she worked. As such,  M.A.S. OF SOUTH FLORIDA, INC.., has violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by failing to timely pay the Plaintiffs at least a minimum hourly wage on the regularly scheduled pay date when wages were due.

63. M.A.S. OF SOUTH FLORIDA, INC.., knew or showed a reckless disregard for the provisions of the FLSA concerning the payment of minimum wages for all hours worked in respective pay periods, and accordingly remains owing the named Plaintiffs, liquidated damages, based upon the unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period during the three-year period preceding this lawsuit.

64. The Plaintiffs incurred expenses and endured considerable hardships and damages as a result of being deprived of a minimum hourly wage when due as alleged.

65. By reason of the said intentional, willful and unlawful acts of M.A.S. OF SOUTH FLORIDA, INC., Plaintiffs have suffered damages plus incurring costs and reasonable attorneys' fees.

66. Plaintiffs seek to recover for unpaid wages accumulated from the date of hire.

67. M.A.S. OF SOUTH FLORIDA, INC. never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

68. As a result of M.A.S. OF SOUTH FLORIDA, INC.'s willful violations of the Act, Plaintiffs are entitled to liquidated damages.

69. Plaintiffs have retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiffs respectfully prays for the following relief against M.A.S. OF SOUTH FLORIDA, INC.:

   A.   Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' rights;

   B.   Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

   C.   Award Plaintiffs an equal amount in double damages/liquidated damages; and

   D.   Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

   E.   Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

### COUNT IV
### VIOLATION OF FLSA/OVERTIME
### against MARTIAL ARTS SYSTEM, INC

70. Plaintiffs, re-allege and reaffirm paragraphs 1 through 36 as if fully set forth herein.

71. This action is brought by Plaintiffs to recover from MARTIAL ARTS SYSTEM, INC., unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.*  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives

compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

72. Since the commencement of Plaintiffs' employment MARTIAL ARTS SYSTEM, INC has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one- and one-half times his regular rate.

73. Specifically, since the beginning of their employment Plaintiffs regularly worked 50-60 hours during each workweek.

74. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

75. MARTIAL ARTS SYSTEM, INC is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). MARTIAL ARTS SYSTEM, INC business activities involve those to which the Fair Labor Standards Act applies.

76. The Plaintiffs were instructors and were at all relevant times, covered by the FLSA.

77. Plaintiffs were not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that they were neither a bona fide executive, administrative, or professional employees.

78. MARTIAL ARTS SYSTEM, INC has knowingly and willfully failed to pay Plaintiffs at time and one half of their regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

79. By reason of the said intentional, willful and unlawful acts of MARTIAL ARTS SYSTEM, INC, Plaintiffs have suffered damages plus incurring costs and reasonable attorneys' fees.

80. MARTIAL ARTS SYSTEM, INC never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

81. As a result of MARTIAL ARTS SYSTEM, INC's willful violations of the Act, Plaintiffs are entitled to liquidated damages.

82. Plaintiffs have retained the undersigned counsel to represent them in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover all reasonable attorneys' fees and costs incurred in this action from MARTIAL ARTS SYSTEM, INC

WHEREFORE, Plaintiffs respectfully prays for the following relief against MARTIAL ARTS SYSTEM, INC:

   A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' rights;

   B. Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

   C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

   D. Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## <u>COUNT V</u>
## VIOLATION OF FLSA/OVERTIME
### against MARTIAL ARTS MANAGEMENT CORP.

83. Plaintiffs, re-allege and reaffirm paragraphs 1 through 36 as if fully set forth herein.

84. This action is brought by Plaintiffs to recover from MARTIAL ARTS MANAGEMENT CORP., unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq*.  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

85. Since the commencement of Plaintiffs' employment MARTIAL ARTS MANAGEMENT CORP has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one- and one-half times their regular rate.

86. Specifically, since the beginning of their employment Plaintiffs regularly worked 50-60 hours during each workweek.

87. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

88. MARTIAL ARTS MANAGEMENT CORP is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). MARTIAL ARTS MANAGEMENT CORP business activities involve those to which the Fair Labor Standards Act applies.

89. The Plaintiffs were instructors and were at all relevant times, covered by the FLSA.

90. Plaintiffs were not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he were neither a bona fide executive, administrative, or professional employee.

91. MARTIAL ARTS MANAGEMENT CORP has knowingly and willfully failed to pay Plaintiffs at time and one half of their regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

92. By reason of the said intentional, willful and unlawful acts of MARTIAL ARTS MANAGEMENT CORP, Plaintiffs have suffered damages plus incurring costs and reasonable attorneys' fees.

93. MARTIAL ARTS MANAGEMENT CORP never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

94. As a result of MARTIAL ARTS MANAGEMENT CORP's  willful violations of the Act, Plaintiffs are entitled to liquidated damages.

95. Plaintiffs have retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover all reasonable attorneys' fees and costs incurred in this action from MARTIAL ARTS MANAGEMENT CORP.

WHEREFORE, Plaintiffs respectfully prays for the following relief against MARTIAL ARTS MANAGEMENT CORP:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' rights;

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

### COUNT VI
### VIOLATION OF FLSA/OVERTIME
### against M.A.S. OF SOUTH FLORIDA, INC

96. Plaintiffs, re-allege and reaffirm paragraphs 1 through 36 as if fully set forth herein.

97. This action is brought by Plaintiffs to recover from M.A.S. OF SOUTH FLORIDA, INC., unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.*  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

98. Since the commencement of Plaintiffs' employment M.A.S. OF SOUTH FLORIDA, INC has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees

engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one- and one-half times the regular rate.

99. Specifically, since the beginning of their employment Plaintiffs regularly worked 50-60 hours during each workweek.

100. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

101. M.A.S. OF SOUTH FLORIDA, INC is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). M.A.S. OF SOUTH FLORIDA, INC business activities involve those to which the Fair Labor Standards Act applies.

102. The Plaintiffs were instructors and were at all relevant times, covered by the FLSA.

103. Plaintiffs were not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that they were neither a bona fide executive, administrative, or professional employee.

104. M.A.S. OF SOUTH FLORIDA, INC has knowingly and willfully failed to pay Plaintiffs at time and one half of their regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

105. By reason of the said intentional, willful and unlawful acts of M.A.S. OF SOUTH FLORIDA, INC, Plaintiffs have suffered damages plus incurring costs and reasonable attorneys' fees.

106.     M.A.S. OF SOUTH FLORIDA, INC never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

107.     As a result of M.A.S. OF SOUTH FLORIDA, INC's willful violations of the Act, Plaintiffs are entitled to liquidated damages.

108.     Plaintiffs have retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover all reasonable attorneys' fees and costs incurred in this action from M.A.S. OF SOUTH FLORIDA, INC.

WHEREFORE, Plaintiffs respectfully prays for the following relief against M.A.S. OF SOUTH FLORIDA, INC:

A.   Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' rights;

B.   Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C.   Award Plaintiffs an equal amount in double damages/liquidated damages; and

D.   Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

E.   Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

### COUNT VII
### VIOLATION OF FLSA/UNPAID WAGES
### against CESAR OZUNA

109.     Plaintiffs, re-allege and reaffirm paragraphs 1 through 36 as if fully set forth herein.

110.     At the times mentioned, Defendant CESAR OZUNA was, and is now, a corporate officer

of corporate Defendants.

111.    CESAR OZUNA was an employer of Plaintiffs within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that CESAR OZUNA acted directly in the interests of the Corporate Defendants in relation to their employees including Plaintiffs.

112.    Specifically, CESAR OZUNA supervised Plaintiffs, determined company payroll decisions, and maintained the right to hire and fire Plaintiffs during all pertinent times hereto.

113.    CESAR OZUNA was at all relevant times, the owner of the Corporate Defendants and maintained operational control of the businesses and is thus jointly liable for Plaintiffs' damages.

114.    Defendant CESAR OZUNA willfully and intentionally refused to properly pay Plaintiffs at least minimum wages for each hour worked as required by the law of the United States as set forth above and remains owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendants as set forth above.

WHEREFORE, Plaintiffs respectfully prays for the following relief against Defendant OZUNA:

    A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' rights;

    B.  Award Plaintiffs actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

    C.  Award Plaintiffs an equal amount in double damages/liquidated damages; and

    D.  Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

    E.  Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## COUNT VIII
### VIOLATION OF FLSA/OVERTIME
### against CESAR OZUNA

115.     Plaintiffs, re-allege and reaffirm paragraphs 1 through 36 as if fully set forth herein.

116.     At the times mentioned, Defendant CESAR OZUNA was, and is now, a corporate officer and owner of Corporate Defendants.

117.     CESAR OZUNA was an employer of Plaintiffs within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that CESAR OZUNA acted directly in the interests of the Corporate Defendants in relation to their employees including Plaintiffs.

118.     Specifically, CESAR OZUNA supervised Plaintiffs, determined company payroll decisions, and maintained the right to hire and fire Plaintiffs during all pertinent times hereto.

119.     CESAR OZUNA was at all relevant times, the owner of the Corporate Defendants and maintained operational control of the businesses and is thus jointly liable for Plaintiffs' damages.

120.     Defendant CESAR OZUNA willfully and intentionally refused to properly pay Plaintiffs overtime wages as required by the law of the United States as set forth above and remains owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendants as set forth above.

WHEREFORE, Plaintiffs respectfully prays for the following relief against Defendant OZUNA:

  A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' rights;

  B. Award Plaintiffs actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

  C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D.  Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

E.  Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiffs VALERIA DIAZ and SANTIAGO AVERSSO demand trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: January 3, 2022

**PEREGONZA THE ATTORNEYS, PLLC**

1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: /s/Juan J. Perez
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com